IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CURTIS WAYNE DALE SMITH, JR                                                                      PLAINTIFF

v.                              Civil No. 4:24-cv-04073-SOH-BAB

JAIL ADMINISTRATOR JANA TALLANT;
JAILER LANDON TOLLETTE; and
JAILER JODAN NIEL                                                                                DEFENDANT

### REPORT AND RECOMMENDATION

Plaintiff, Curtis Wayne Dale Smith, Jr., filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

Plaintiff filed his Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on July 8, 2024. (ECF No. 1, 2). The Court granted Plaintiff's IFP Motion on the same date. (ECF No. 3). Plaintiff is currently incarcerated at the Arkansas Division of Corrections-North Central Unit, but at all times relevant here, Plaintiff was incarcerated in the Howard County Detention Center ("HCDC") as a convicted inmate. (ECF No. 1).

1

In his Complaint, Plaintiff lists three claims against three Defendants: Jail Administrator Jana Tallant, Jailer Landon Tollette, and Jailer Jordan Niel, (ECF No. 1). In his Claim One, Plaintiff alleges all Defendants violated his constitutional rights by "hindering the use of mail" and "by delaying, stopping, or intercepting" his amended complaint. *Id.* at 4. Specifically, Plaintiff claims:

> While incarcerated at Howard County [Sheriffs] Department in Nashville, Arkansas I filed a 1983 Lawsuit form that went out the first time dealing with case number 4:23-cv-04111-SOH-CDC on November 27, 2023 and I was sent an amended complaint to be back in an filled out on December 18, 2023 which had it not been stopped, delayed or intercepted after it was sent out of G-cell on December 11, 2023 through a Jailer to be put in the mail box camera footage will show this also and that for no reason was sent Back in the cell-G-cell on December 15, 2023 and had stamps on the front of the envelope that showed it made it to the post office to be sent out on time on December 12, 2023 and December 13, 2023 one stamp was pink and white with pink scan code that had the date of December 12, 2023 and right underneath a circle black ink stamp that had USPS and December 13, 2023 and they (stamps) both had sent from Nashville, AR 71852 and I asked (Jana Tallant administrator) this of why was it sent back she said I owed for postage but I messaged back and said (legal mail) is suppose to go out for free and it was stamped and should of never came back to the cell but I sent it on December 18, 2023 with a note on envelope of why it be late evidence on camera of jail and on tablet to support claim.

*Id.* at 4-5 (errors in original). Plaintiff asserts this Claim One against all Defendants in both their individual and official capacities. *Id.* For his official capacity claim, Plaintiff writes: "(Hindering the use of mail) by stopping, intercepting, or delaying mail." *Id.* at 5.

In Claim Two, Plaintiff alleges all Defendants hindered the use of his mail by "stopping, intercepting, delaying, my mail." *Id.* at 6. In Claim Two, Plaintiff alleges all the same facts as in Claim One, but also adds the complaint of Defendants Toilette and Niel bringing his legal mail back to G-Cell and giving it to another inmate while Plaintiff was in the shower. *Id.* Plaintiff explains this could have caused him problems with his case, but Plaintiff does not allege it actually caused him any troubles with his pending case. Plaintiff also alleges Defendant Tallant had the

motive to delay his legal mail regarding Case Number 4:23-cv-04111-SOH-CDC because she is a defendant in that case. Further, Plaintiff states these claims are a "refile" of claims previously dismissed. *Id*. at 7. Finally, Plaintiff reiterates the same official capacity claim made in Claim One. *Id*.

> In Claim Three, Plaintiff restates his same allegations with some additional details:
>
> While Incarcerated at the Howard County [Sheriff's] Department in (Nashville, Arkansas 71854) Jordan Niel and Landon Tollette helped (Jana Tallant administrator) Hinder my Amended complaint to 4:23-cv-04111-SOH-CDC that was suppose to be in by December 18, 2023 but the reason I believe and know it was hindered by Jana Tallant is because Defendant Tallant was in said lawsuit that was being delayed to go out and I got it back in the cell-G after it was stamped and sent out it was brought back in G-cell by /on 12/15/23 which it showed of never been brought back being it was stamped and had legal mail on it I messaged this and my complaint about this letting her Tallant know I had a deadline to have it in or the digital facility forms between 12/15/23 to 12/8/23 the last time it was sent out was on 12/19/23by Rebecca Castlemen and I believe she sent it out the first time on 12/[]/23 and I filed a hindering the use of my claim on it the first time and it was dismissed by Barry A. Bryant even though I had evidence to support claim I filed it then and now again to keep my case of 4:23-cv-04111-SOH-CDC from being dismissed in case defendants try to say I missed my deadline but if it wasn't for Defendants especially (Tallant) my claim of 4:23-cv-04111-SOH-CDC would have been on time and you can check the cameras stamps on the envelope to case number stated above and also check the cameras in the county jail that will show this also and that is the reason I filed this claim with evidence to prove I was doing as needed.

(ECF No. 1, p. 8).

For relief, Plaintiff requests $10,000,000 because Defendants hindered his filing an Amended Complaint in *Smith v. Tallant et al.*, 4:23-cv-04111-SOH-CDC, and this hinderance "potentially cost" Plaintiff the recovery from that case. (ECF No. 1, p. 9). However, a review of the Court's docket in that case revealed the Amended Complaint was filed on January 10, 2024, and was fully considered by the Court. In fact, in her Report and Recommendation, screening the Amended Complaint, United States Magistrate Judge Christy Comstock specifically stated "[t]he Amended Complaint is also difficult to decipher, however, the Court has taken care to interpret

Plaintiff's claims and organize them in a logical order for purposes of this screening analysis." *See Smith v. Tallant et al.*, Cause No. 4:23-cv-4111-SOH-CDC, (ECF No. 10, p. 2).

As mentioned by Plaintiff, he previously filed a case alleging almost identical claims in Case Number 4:24-cv-04020-SOH. In that case, the undersigned recommended dismissal of Plaintiff's claims at screening pursuant to the Prison Litigation Reform Act for failure to state a claim upon which relief can be granted, and Judge Hickey adopted that recommendation dismissing the case on June 4, 2024. *Smith v. Tallant, et al.,* Cause No. 4:24-cv-04020-SOH (W.D. Ark. June 4, 2024).

## II.    APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.   *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94

(2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  DISCUSSION

While Plaintiff lists three separate claims in his Complaint, the Court interprets Plaintiff's allegations to state one denial of access to the courts claim. Specifically, Plaintiff claims he was denied access when Defendants hindered or delayed the mailing of his amended complaint for his pending case 4:23-cv-04111-SOH-CDC between December 11, 2023, and January 10, 2024.

#### A.  Access to the Court

As the Court previously explained in its Report and Recommendation in Case Number 4:24-cv-04024-SOH, Plaintiff cannot prevail on an access to courts claim unless he can demonstrate he suffered prejudice or actual injury because of the prison officials' conduct. *See Lewis*, 518 U.S. at 351-2; *see also Farver v. Vilches*, 155 F.3d 978, 979-80 (8th Cir. 1998) (per curiam); *Klinger v. Dep't of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); *McMaster v. Pung*, 984 F.2d 948, 953 (8th Cir. 1993). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'" *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (internal quotation and citations omitted). Plaintiff has not alleged any injury or prejudice from the delay of his legal mail to this Court. Plaintiff claims "potential" loss of recovery, but no actual prejudice. Furthermore, the Court notes Plaintiff's amended complaint, which he claims was delayed, was accepted, and considered by this Court without any prejudice

to Plaintiff. Plaintiff is proceeding without any negative repercussions from the late filing of his amended complaint. *See Smith v. Tallan et al.*, Civil No. 4:23-cv-04111, Doc. No. 8. (W.D. Ark. Jan. 10, 2024) (currently pending at the summary judgment stage of litigation).

Accordingly, all three of Plaintiff's claims for denial of access to the courts must fail as a matter of law and should be dismissed.[1]

### B. Official Capacity

Under Section 1983, a defendant may be sued in either his personal capacity, or in his official capacity, or claims may be stated against a defendant in both his personal and his official capacities. The type of conduct that is actionable and the type of defense available depend on whether the claim is asserted against a defendant in his official or individual capacity. *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted). "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Id.* Personal capacity claims "are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense" to these individual capacity claims. *Id.* To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the defendant acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

---

[1] In the Court's Report and Recommendation on Plaintiff's first attempt of these claims in 4:24-cv-04020-SOH, the Court also interpreted Plaintiff's claims to attempt a First Amendment allegation. Here, however, Plaintiff clearly complains only of an access to the court claim.

Plaintiff did not allege any policy, procedure, or custom caused the alleged interference to his access to the courts. Accordingly, Plaintiff has failed to state any official capacity claims. Additionally, since Plaintiff has failed to state an individual claim against Defendants, he cannot maintain an official capacity claim against them. *See Morris v. Cradduck,* 954 F.3d 1055, 1060 (8th Cir. 2020) *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986))

### IV. CONCLUSION

For these reasons, it is recommended:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk be directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of August 2024.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

8